UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOOP SPINE & SPORTS CENTER, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN COLLEGE OF MEDICAL QUALITY, INC., et al., <br><br> Defendants. | No. 22 CV 04198 <br><br> Judge Manish S. Shah |

**ORDER**

Motion hearing held. ACMQ's motion to join [161] is granted. Affinity's motion for a protective order [156] is denied. Plaintiff's motion to compel [158] is granted in part. Plaintiff's motion for a protective order [162] is granted in part, denied in part. Plaintiff must send a copy of this order to Mr. Henry. No appearance on 4/23/24 is necessary. The parties' status report on discovery progress remains due 5/20/24. See Statement for details.

**STATEMENT**

Affinity's motion for a protective order [156] is denied. Plaintiff's effort to depose Hawley and ACMQ's board members is not disproportionate to the needs of the case, notwithstanding the parties' divergent views of the stakes. Understanding ACMQ's marketing efforts, how Affinity personnel direct and manage ACMQ's affairs, and Hawley's knowledge about email and other communications in connection with the conference all go to an understanding of liability for the fax transmission at issue. Plaintiff can pursue these depositions, but plaintiff should also appreciate that discovery is not an entitlement to perfect or complete information. Discovery costs may be detracting from any realistic available relief; and even when faced with intransigent adversaries, by the end of July 2024, plaintiff will have had more than enough time to gather the reasonably necessary evidence to prove its claims.

Plaintiff's motion to compel [158] is granted as follows: Mr. Henry must appear for the requested deposition and must not refuse to answer questions on the basis of relevance. The attorneys and Mr. Henry do not decide what is relevant; that is for the

court. Given Mr. Henry's public disclosures to date and his role in the case, the court is satisfied that plaintiff's planned lines of inquiry are not in bad faith or harassing, oppressive, or embarrassing. The seven hours of deposition time is not equally divided across the parties. But the court does conclude that assigning time limits is necessary to enforce discipline and efficiency on the parties and Mr. Henry. Plaintiff may use 4 hours to question Mr. Henry. Defendants and Affinity may collectively use up to 3 hours. Speaking objections and lawyer colloquy do not count toward the time. If the deposition goes off the rails, or some party believes that the time limits have been abused or manipulated, the court will entertain a motion for relief after reading the transcript, including taxing costs on the person (lawyer, witness, or party) responsible for any shenanigans. The lawyers and Mr. Henry should understand that this deposition is likely the least painful of the available options to memorialize his testimony and should keep things simple and direct. No one needs to score every possible point.

      Plaintiff's motion for a protective order [162] is granted in part, denied in part. Based on Affinity's representations on the record on 4/17/24, the court is satisfied that this warning to Mr. Becka not to coach Mr. Henry and not to suggest to Mr. Henry how to respond to questions suffices. The motion is granted to the extent that plaintiff will question Mr. Henry first at the deposition. Affinity has already obtained testimony from him. It is now plaintiff's turn.

ENTER:

                                                                   Manish S. Shah
                                                                   United States District Judge

Date:  April 17, 2024